## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **MISTY FINNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 13:-cv-6 |
| | ) | |
| **v.** | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| **PENNCRO ASSOCIATES, INC.** | ) | |
| **&** | ) | |
| **FIRSTSOURCE ADVANTAGE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## INTRODUCTION

1.     This action arises out of Defendant's violations of the Fair Debt Collection DEFENDANT PActices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCDEFENDANT PA"), in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## DEFENDANT PARTIES

[1]

4.      Plaintiff, Misty Finney (hereinafter referred to as "Plaintiff" and/or "Mrs. Finney") is a resident of this State, District and Division who is authorized by law to bring this action.

5.      Defendant PENNCRO ASSOCIATES, INC. (hereinafter referred to as "Defendant PA") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Pennsylvania .  Defendant PA may be served by personal service upon its registered agent, to wit:  CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

6.      Defendant FIRSTSOURCE ADVANTAGE, LLC, (hereinafter referred to as "Defendant FSA") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6),  and  a limited liability company organized in New York.  Defendant FSA may be served by personal service upon its registered agent, to wit:  CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

7.      Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered Defendant parties upon motion.

## FACTS

8.      Defendant PA and Defendant FSA use mail in their businesses.

9.      Defendant PA and Defendant FSA use telephone communications in their businesses.

10.      The primary purpose of Defendant PA's and Defendant FSA's businesses are the

[ 2 ]

collection of debts.

11.     Defendant PA and Defendant FSA regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

12.     Defendant PA and Defendant FSA are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

13.     Defendant PA and Defendant FSA have alleged that Mrs. Finney incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by FIA Card Services, N.A.

14.     Sometime prior to January 5, 2012, Plaintiff's debt was sold or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

15.     On January 5, 2012 Defendant PA sent Mrs. Finney a letter collecting on account FIA Card Services N.A. account with the account number ending in 4606 and claiming the balance due of the account as $5,218.86 (see attached Exhibit A).

16.     On March 5, 2012, Defendant FSA sent Mrs. Finney a letter collecting on the same FIA Card Services N.A. account with the account number ending in 4606 and claiming the balance due on the account as $5,432.09 (see attached Exhibit B).

17.     On March 14, 2012, Defendant FSA sent Mrs. Finney a second letter collecting on the same FIA Card Services N.A. account with the account number ending in 4606 and

[ 3 ]

claiming the balance due of the account as $5,505.93 (see attached Exhibit C).

18.     Mrs. Finney is confused as to what amount Defendants are actually pursuing, what rate of interest they are charging, whether they are assessing fees, etc….

19.     Defendant PA's January 5, 2012 collection letter never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

20.     Defendant FSA's March 5, 2012 collection letter never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

21.     Defendant FSA's March 14, 2012 collection letter never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

22.     No payments have been made on Plaintiff's FIA Card Services N.A. account with the account number ending in 4606 since before January 1, 2012.

23.     Defendants have never provided a copy of the original FIA Card Services, NA contract signed by Mrs. Finney to determine the applicable rate of interest.

24.     In these communications to Mrs. Finney, Defendant PA and Defendant FSA have violated the Fair Debt Collection Practices Act.

25.     Mrs. Finney has complied with all conditions precedent to bring this action.

[ 4 ]

## CAUSES OF ACTION

## FIRST VIOLATIONS OF THE FAIR DEBT COLLECTION DEFENDANT PACTICES ACT:  THE USE OF FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS IN ATTEMPT TO COLLECT A DEBT

26.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the following:

- The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

- The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

27.     Each written correspondence from Defendants demands a different amount from Mrs. Finney.  A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a different amount of interest and none of them applied the contractual rate of interest.

28.     Mrs. Finney's confusion as to the amount owed is exemplified through the facts that the amounts asserted vary wildly from the initial letter from Defendant PA seeking the amount of $5,218.86 on January 5, 2012; to the letter from Defendant FSA demanding the amount of $5,432.09 as of March 5, 2012; and then the letter from Defendant FSA seeking the amount of $5,505.93 as of March 14, 2012.

29.     Mrs. Finney asserts that the differing demands by Defendants are an attempt to keep her confused as to the amount is owed, so that if she were to make payments on this account she

[ 5 ]

would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

30.     By attempting to collect varying unknown and unauthorized interest amounts through false and deceptive communications, Defendants have confused Mrs. Finney as to what amount of money she owes on this account and the legal status of the account.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION DEFENDANT PACTICES ACT:  THE USE OF UNFAIR DEFENDANT PACTICES IN ATTEMPT TO COLLECT A DEBT

31.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA also include, but are not limited to, the following:

- The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

32.     Without a written contract signed by Mrs. Finney, Defendants may not recover attorney's fees or a contract rate of interest on the underlying debt. ***Holcomb v. Cagle***, **277 S.W.3d 393, 397-98 (Tenn. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008**)).

33.     Upon information and belief, Mrs. Finney asserts that Defendants have not applied the applicable contractual rate of interest for her defaulted FIA Card Services account.

34.     By asserting a balance that varied substantially in each of the collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter,

[ 6 ]

Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

35.     Defendants' collections of varying amounts, which accrue interest or fees at inconsistent and an incalculable rates, are collection attempts for amounts not expressly authorized by the agreement.

36.     As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

37.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)      That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d)      That the Court declare all defenses raised by Defendants to be insufficient; and

e)      That the Court grants such further and additional relief as is just in the

circumstances.

Respectfully submitted on this, the _____ day of January, 2013.

/s/ *Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868

[ 8 ]